

Jamie R. Wozman
77 Water Street, Suite 2100
New York, New York 10005
Jamie.Wozman@lewisbrisbois.com
Direct: 212.232.1346

August 20, 2019

File No. 50031.135

Magistrate Judge James L. Cott
United States District Court
Southern District of New York
500 Pearl Street, Room 1360
New York, New York 10007

Re:   Shulman, et. al. v. Becker & Poliakoff, LLP, et. al., No. 17-cv-09330

Dear Magistrate Judge Cott:

We represent defendant law firm Becker & Poliakoff, LLP ("B&P") in the above referenced action.

Below is B&P's proposed schedule through the full submission of plaintiffs' class certification motion:

(1) October 4, 2019 = defendant Helen Chaitman to file her Answer to the Second Amended Class Action Complaint and Jury Demand;
(2) December 16, 2019 = depositions of individually named parties to be completed;
(3) January 20, 2020 = plaintiffs to file their motion to certify the class;
(4) February 24, 2020 = defendants to file their opposition to plaintiffs' motion to certify the class;
(5) March 9, 2020 = plaintiffs to file their reply papers in further support of their motion to certify the class.

It is B&P's position that the questions directed to the defendants during their depositions should be limited to questions pertaining to the breach of fiduciary duty and unjust enrichment claims except that questions may be asked of them regarding the breach of contract and fraud claims, as they relate to the individually named plaintiffs only. This position is in alignment with the prior agreement between counsel for all parties that pre-certification discovery on the fraud and breach of contract claims would be limited to the individually named plaintiffs.

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY
LOUISIANA • MARYLAND • MASSACHUSETTS • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK
NORTH CAROLINA • OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TEXAS • WASHINGTON • WEST VIRGINIA
4835-8079-4529.1

Magistrate Judge James L. Cott
Page 2

It is also B&P's position that expert discovery should not precede plaintiffs' filing of their motion to certify the class. For this matter to proceed as a class action, plaintiffs must first satisfy four requirements: 1) numerosity ("the class is so numerous that joinder of all members is impracticable"); 2) commonality ("there are questions of law or fact common to the class"); 3) typicality ("the claims or defenses of the representative parties are typical of the claims or defenses of the class"); and 4) adequacy of representation ("the representative parties will fairly and adequately protect the interests of the class"). Fed. R. Civ. P. 23(a). In addition, the Second Circuit has also "'recognized an implied requirement of ascertainability in Rule 23,' which demands that a class be 'sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member.'" *In re Petrobras Securities*, 862 F.3d 250, 260 (2d Cir. 2017) (quoting *Brecher v. Republic of Argentina*, 806 F.3d 22, 24 (2d Cir. 2015)).

Whether the defendants breached their fiduciary duty[1] by allegedly representing "net winners" and "net losers" simultaneously goes directly to the merit of whether a conflict of interest existed by virtue of this simultaneous representation. Conversely, it does not relate to the above enumerated factors that the Court must examine in determining whether a class should be certified. This is not an instance where discovery relating to class issues overlap substantially with, or are enmeshed with, the merit of plaintiffs' breach of fiduciary duty claim. In light of the foregoing, and the time and expense associated with expert discovery of at least three experts, such discovery should not precede plaintiffs' application to certify the class.

Respectfully submitted,

Jamie R. Wozman of
LEWIS BRISBOIS BISGAARD & SMITH LLP

---

[1] The only cause of action asserted in the operative pleading for which expert opinions will be offered.