UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
KEVIN SHULMAN and CARAN ROSS, in their
capacities as co-trustees of the FLORENCE
SHULMAN POUROVER TRUST; and ESTELLE
HARWOOD, individually and in her capacity as
trustee of the ESTELLE HARWOOD
REVOCABLE TRUST; on behalf of themselves
and all others similarly situated,

     Plaintiffs,

 -against-

BECKER & POLIAKOFF, LLP; CHAITMAN
LLP, and HELEN DAVIS CHAITMAN,

     Defendants.

---------------------------------------------------------------X
HELEN DAVIS CHAITMAN,

     Third-Party Plaintiff,

 -against-

DYLAN RUGA and MARK S. ROSS,

     Third-Party Defendants.

---------------------------------------------------------------X

**ECF Case**
Civil Case No. 17-cv-9330-VM-JLC

**THIRD-PARTY COMPLAINT
AND JURY DEMAND**

   Defendant/Third-Party Plaintiff, HELEN DAVIS CHAITMAN ("Defendant/Third-Party Plaintiff" or "Ms. Chaitman"), by her attorneys, L'Abbate, Balkan, Colavita & Contini, L.L.P., as and for a Third-Party Complaint against Third-Party Defendants, DYLAN RUGA and MARK S. ROSS, alleges as follows upon information and belief:

   1. On or about August 2, 2019, Plaintiffs commenced the above-first captioned suit against Ms. Chaitman (the "Main Action") by filing a Second Amended Class Action Complaint and Jury Demand, alleging that Plaintiffs sustained damages arising out of Ms.

Chaitman's legal services rendered to them in defending the underlying actions brought against Plaintiffs by Irving H. Picard, Trustee for Bernard L. Madoff Investment Securities LLC, in the U.S. Bankruptcy Court of the Southern District of New York (the "clawback actions"). The Second Amended Class Action Complaint alleges claims against Ms. Chaitman arising out of her legal services rendered in defending the clawback actions for breach of fiduciary duty, breach of contract, unjust enrichment, and fraud.

2. A copy of Plaintiffs' Second Amended Class Action Complaint in the Main Action is annexed as **Exhibit 1** and is incorporated herein by reference, without any admission by Ms. Chaitman of any of the material allegations contained therein alleged against Ms. Chaitman.

3. Issue was joined by service of Ms. Chaitman's Answer to Second Amended Class Action Complaint, filed on October 4, 2019 and annexed as **Exhibit 2**. Ms. Chaitman denied all allegations of wrongdoing in her Answer, which is incorporated herein by reference.

4. At all times hereinafter mentioned, Third-Party Defendant Dylan Ruga was and is an attorney duly licensed to practice law in the State of California, and maintained offices for the practice of his profession at 1100 Glendon Avenue, Suite 1840, Los Angeles, California, 90024.

5. At all times hereinafter mentioned, third-party defendant Dylan Ruga resides in the State of California.

6. Third-Party Defendant Dylan Ruga has been an attorney duly licensed to practice law in the State of New York since February 2017.

7. At all times hereinafter mentioned, Third-Party Defendant Mark S. Ross was and is an attorney duly licensed to practice law in the State of California, and maintained offices for the practice of his profession at Four Embarcadero Centre, Suite 17, San Francisco, California, 94111.

8. At all times hereinafter mentioned, third-party defendant Mark S. Ross resides in the State of California.

9. Dylan Ruga is the son of Plaintiff Caran Ross and the nephew of Plaintiff Kevin Shulman.

10. Mark S. Ross is the husband of Plaintiff Caran Ross.

11. In or about February 2011, the Shulman Plaintiffs retained Ms. Chaitman at Becker & Poliakoff, LLP, to defend the clawback actions commenced by Picard, pursuant to the terms set forth in the February 15, 2011 retainer letter, a copy of which is annexed as **Exhibit 3**.

12. At all times hereinafter mentioned, third-party defendants Dylan Ruga and Mark S. Ross acted as co-counsel with Ms. Chaitman to Plaintiffs KEVIN SHULMAN and CARAN ROSS, in their capacities (a) as co-trustees of the FLORENCE SHULMAN POUROVER TRUST, as co-trustees of the ALVIN SHULMAN POUROVER TRUST, and (b) in their capacities as subsequent transferees of their parents' assets subject to potential liability to Irving H. Picard.

13. In their initial phone conversations with Ms. Chaitman, both Dylan Ruga and Mark S. Ross represented to Ms. Chaitman that they were attorneys and would be advising Kevin Shulman and Caran Ross with respect to the litigations and that they should be treated as co-counsel with respect to attorney/client communications.

14. The February 15, 2011 retainer letter contained a full and complete disclosure regarding Becker & Poliakoff, LLP's legal representation of other Madoff claimants, including net winners and net losers, and advised the Shulman Plaintiffs to "now consult with independent counsel if you deem it necessary...", prior to executing the retainer letter.

15. Becker & Poliakoff, LLP sent a copy of the February 15, 2011 retainer letter to the Shulman Plaintiffs in care of Mark S. Ross, for his review as co-counsel to the Shulman Plaintiffs, prior to its execution by Florence and Alvin Shulman.

16. Both Mark S. Ross and Dylan Ruga reviewed the February 15, 2011 retainer letter, in their roles as co-counsel to the Shulman Plaintiffs.

17. Both Mark S. Ross and Dylan Ruga, in their roles as co-counsel to the Shulman Plaintiffs, advised and counseled Plaintiffs Kevin Shulman and Caran Ross regarding the Shulman Plaintiffs' decision to retain Ms. Chaitman at Becker & Poliakoff, LLP to defend against the underlying clawback actions.

18. Both Mark S. Ross and Dylan Ruga, in their roles as co-counsel to the Shulman Plaintiffs, advised and counseled Plaintiffs Kevin Shulman and Caran Ross regarding the Shulman Plaintiffs' decision to waive any conflict of interest as set forth in the February 15, 2011 retainer letter.

19. Both Mark S. Ross and Dylan Ruga approved the February 15, 2011 retainer letter, in their roles as co-counsel to the Shulman Plaintiffs.

20. Upon information and belief, both Mark S. Ross and Dylan Ruga advised and counseled the Shulman Plaintiffs to waive the conflict disclosed in the February 15, 2011 retainer letter.

21.     Upon information and belief, Mark S. Ross and Dylan Ruga, in their roles as co-counsel to the Shulman Plaintiffs, regularly provided legal advice and counseled the Shulman Plaintiffs concerning Ms. Chaitman's representation and the clawback actions in general.  Indeed, just between February and April of 2011 Mark S. Ross and Dylan Ruga communicated with Kevin Shulman and Caran Ruga in no less than eight (8) different emails regarding, *inter alia*, litigation strategy in defending the underlying clawback actions, without including Ms. Chaitman in these communications.

22.     Upon information and belief, Mark S. Ross and Dylan Ruga, in their roles as co-counsel to the Shulman Plaintiffs, communicated and discussed their clients' potential retention of Ms. Chaitman at Becker & Poliakoff, LLP in multiple email communications between the two of them in February 2011, without including Ms. Chaitman in these communications.

23.     In or about November 2015, the Shulman Plaintiffs retained Ms. Chaitman at Chaitman LLP, to defend the clawback actions commenced by Picard, pursuant to the terms set forth in the November 12, 2015 retainer letter, a copy of which is annexed as **Exhibit 4**.

24.     Chaitman LLP sent a copy of the November 12, 2015 retainer letter to both Mark S. Ross and Dylan Ruga, for their review prior to its execution by Kevin Shulman because they continued to serve as co-counsel to the Shulman Plaintiffs.

25.     Both Mark S. Ross and Dylan Ruga reviewed the November 12, 2015 retainer letter, in their roles as co-counsel to the Shulman Plaintiffs.

26.     Both Mark S. Ross and Dylan Ruga, in their roles as co-counsel to the Shulman Plaintiffs, advised and counseled Plaintiffs Kevin Shulman and Caran Ross regarding

the Shulman Plaintiffs' decision to retain Ms. Chaitman at Chaitman LLP to continue to defend against the underlying clawback actions.

27. Both Mark S. Ross and Dylan Ruga approved the November 12, 2015 retainer letter, in their roles as co-counsel to the Shulman Plaintiffs.

28. As co-counsel for the Shulman Plaintiffs, Mark S. Ross and Dylan Ruga participated in numerous written and oral communications with Ms. Chaitman regarding the defense and representation of the Shulman Plaintiffs in the underlying clawback actions, from 2011 through 2017.

29. Upon information and belief, between 2011 and 2017, Kevin Shulman and Caran Ross sought legal advice from Mark S. Ross and Dylan Ruga regarding the underlying clawback actions.

30. Upon information and belief, between 2011 and 2017, Mark S. Ross and Dylan Ruga provided legal advice to Kevin Shulman and Caran Ross regarding the underlying clawback actions.

31. Upon information and belief, as co-counsel for the Shulman Plaintiffs, Mark S. Ross and Dylan Ruga participated in numerous communications with Plaintiffs Kevin Shulman and Caran Ross regarding the defense and continuous representation of the Shulman Plaintiffs in the underlying clawback actions, from 2011 to date.

32. As co-counsel for the Shulman Plaintiffs, Mark S. Ross and Dylan Ruga were intricately involved in providing legal advice to Caran Ross and Kevin Shulman in connection with the retention of Becker & Poliakoff, LLP and of Chaitman LLP; in connection with the Shulman Plaintiffs' decision to waive any conflict of interest as set forth in the February

15, 2011 retainer letter; and in connection with the defense of the Shulman Plaintiffs in the underlying clawback actions.

33. At all times herein, the Shulman Plaintiffs relied upon advice and counsel given to them by Mark S. Ross and Dylan Ruga in determining their future course of action in defending the underlying clawback actions.

34. Notably, all counsel involved in representing the Shulman Plaintiffs in the underlying clawback actions were named as defendants in the Main Action except Mark S. Ross and Dylan Ruga, despite their intricate roles in providing legal advice and counsel to the Shulman Plaintiffs.

## FIRST CLAIM

35. Defendant/Third-Party Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 34 as if fully set forth at length herein.

36. If the Shulman Plaintiffs sustained any damage at the time and place alleged in the Second Amended Class Action Complaint, by anything other than their own culpable conduct, such damages were caused by the negligence of third-party defendants Mark S. Ross and Dylan Ruga in advising and counseling both Kevin Shulman and Caran Ross regarding the actions brought by Picard, the Shulman Plaintiffs' retention of Becker & Poliakoff, LLP, the Shulman Plaintiffs' retention of Chaitman LLP, and the competence of counsel to defend these actions.

37. Any damages sustained by the Shulman Plaintiffs were sustained due to third-party defendants Mark S. Ross' and Dylan Ruga's negligence, without any negligence or wrongful conduct on the part of Defendant/Third-Party Plaintiff Ms. Chaitman.

## SECOND CLAIM

38. Defendant/Third-Party Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 37 as if fully set forth at length herein.

39. If the Shulman Plaintiffs establish any damages as alleged in the Second Amended Class Action Complaint, then the sole proximate cause of such damages will have been negligence on the part of third-party defendants Mark S. Ross and Dylan Ruga and not any conduct on the part of Defendant/Third-Party Plaintiff Ms. Chaitman, and Mark S. Ross and Dylan Ruga should be compelled to make Defendant/Third-Party Plaintiff Ms. Chaitman whole for any losses, including any damages that Defendant/Third-Party Plaintiff Ms. Chaitman may be compelled to pay the Shulman Plaintiffs in this matter.

40. Defendant/Third-Party Plaintiff Ms. Chaitman respectfully submits that she is entitled to 100% contribution and indemnification from third-party defendants Mark S. Ross and Dylan Ruga, in the event and to the extent that Defendant/Third-Party Plaintiff Ms. Chaitman is found liable to the Shulman Plaintiffs, as well as the costs and disbursements of this action.

41. If the Shulman Plaintiffs recover herein, it will be by virtue of the recklessness, carelessness and negligence, wrongful conduct, and breach of duty of third-party defendants Mark S. Ross and Dylan Ruga, and Defendant/Third-Party Plaintiff Ms. Chaitman demands judgment for contribution and/or indemnification, as well as the costs and disbursements of this action.

**WHEREFORE**, Defendant/Third-Party Plaintiff, HELEN DAVIS CHAITMAN, demands judgment over and against third-party defendants MARK S. ROSS and DYLAN RUGA, for all, or to the extent that the responsibility of third-party defendants contributed thereto for that portion of any verdict or judgment which may be obtained by the Shulman Plaintiffs against Defendant/Third-Party Plaintiff, HELEN DAVIS CHAITMAN; plus all attorneys' fees and all other costs herein; together with the costs and disbursements of this action.

Dated: Garden City, New York
October 17, 2019

Respectfully submitted,

L'ABBATE, BALKAN, COLAVITA
& CONTINI, L.L.P.

_____
MARIAN C. RICE

Kimberly Johnson Glenn, Esq.
*Attorneys for Defendant*
HELEN DAVIS CHAITMAN
1001 Franklin Avenue, 3rd Floor
Garden City, NY 11530
(516) 294-8844
E-mail: mrice@lbcclaw.com
         kglenn@lbcclaw.com

## JURY DEMAND

Defendant/Third-Party Plaintiff, Helen Davis Chaitman, hereby demands a jury trial as to all issues so triable.

Dated: Garden City, New York
October 17, 2019

Respectfully submitted,

L'ABBATE, BALKAN, COLAVITA
& CONTINI, L.L.P.

_____
MARIAN C. RICE

Kimberly Johnson Glenn, Esq.
*Attorneys for Defendant*
HELEN DAVIS CHAITMAN
1001 Franklin Avenue, 3rd Floor
Garden City, NY 11530
(516) 294-8844
E-mail: mrice@lbcclaw.com
kglenn@lbcclaw.com

TO: Dylan Ruga
1100 Glendon Avenue
Suite 1840
Los Angeles, California 90024

Mark S. Ross
Four Embarcadero Centre
Suite 17
San Francisco, California 94111

STALWART LAW GROUP
Dylan Ruga, Esq.
41 East 11th Street, 11th Floor
New York, New York 10003
(212) 651-9070
E-mail: Dylan@stalwartlaw.com

David M. Angeloff, Esq.
1100 Glendon Avenue, Suite 1840
Los Angeles, California 90024
(310) 954-2000
E-mail: david@stalwartlaw.com

*Attorneys for Plaintiffs and
Proposed Class Representatives*

KAUFMAN BORGEEST & RYAN LLP
Joan M. Gilbride, Esq.
120 Broadway, 14th Floor
New York, New York 10271
(212) 980-9600
Email: jgilbride@kbrlaw.com

Rebecca A. Barrett, Esq.
David Bloom, Esq.
200 Summit Lake Drive
Valhalla, New York 10595
Email: rbarrett@kbrlaw.com
        dbloom@kbrlaw.com

*Attorneys for Defendant/Counterclaim Plaintiff*
CHAITMAN LLP

Mark K. Anesh, Esq.
Jamie R. Wozman, Esq.
LEWIS, BRISBOIS, BISGAARD & SMITH, LLP
*Attorneys for Defendant*
BECKER & POLIAKOFF, LLP
77 Water Street, Suite 2100
New York, New York 10005
(212) 232-1300
Email: anesh@lbbslaw.com
        wozman@lbbslaw.com